UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Corey Bevins,

    Plaintiff,

v.

Becker County, Minnesota; Becker County Jail;
Becker County Sheriffs Department; Randy Hodges;
Unknown Becker County Sheriff;
Essentia Health-St. Mary's Hospital; Donald Nelson;
John W. Freeman; and Paula Peterson,

    Defendants.

Civ. No. 16-4340 (DWF/BRT)

**REPORT AND RECOMMENDATION**

---

Corey Bevins, 17941-041, F.C.I. Elkson, Federal Correctional Institution, P.O. Box 10, Lisbon, OH 44432, *pro se* Plaintiff.

Angela E. Lord, Esq., and Charlotte Rusch, Esq., Vogel Law Firm, counsel for Defendant Essentia Health-St. Mary's Hospital.

---

BECKY R. THORSON, United States Magistrate Judge.

*Pro se* Plaintiff Corey Bevins brings claims related to the medical treatment he received while detained at Becker County Jail. (*See* Doc. No. 24, Second Am. Compl.) One of the Defendants, identified in the Complaint as Essentia Health-St. Mary's Hospital, moved to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim. (*See* Doc. No. 34.) In a subsequent filing, this Defendant entered a special appearance under its correct legal name—St. Mary's Regional Health Center. (Doc. No.

57.) For the reasons stated below, this Court recommends that Defendant St. Mary's Regional Health Center's Motion to Dismiss be denied. This Court also recommends that Plaintiff's claims against Defendant Randy Hodges be dismissed for failure to prosecute.

**I.    Background**

Plaintiff alleges that he was taken to the Intensive Care Unit at "Defendant Essentia Health's hospital" by Becker County Jail staff for two seven-day admissions. (Doc. No. 24, Second Am. Compl. at 8.) During both stays, Plaintiff was "handcuffed and shackled" to his hospital bed. (*Id.* at 3–4.) During his second stay, Plaintiff "came to understand that he was suffering from acute pancreatitis and severe alcohol withdraw[al]." (*Id.*) Plaintiff alleges that the hospital made discharge decisions "based on the demands of the Becker County Jail, rather than on medical needs." (*Id.* at 8.) He also alleges that the hospital acted with "gross negligence" when it failed to monitor his condition following discharge. (*Id.* at 9.)

Plaintiff initiated this action by filing a Complaint in the Northern District of Ohio. (Doc. No. 1.) The case was transferred here on December 22, 2016. (Doc. No. 4.) On May 15, 2017, the Court granted Plaintiff's IFP application and directed service by the United States Marshal upon the submission of properly completed Marshal Service Forms (USM-285) for each Defendant. (Doc. No. 25.) On June 19, 2017, Peter Jacobson, the President of St. Mary's Regional Health Center, was served with a Summons issued to "Essentia Health-St. Mary's Hospital." (Doc. No. 32.) "Essentia Health-St. Mary's Hospital" does not exist as a legal entity and is not registered as an active trade name

with the Minnesota Secretary of State. (Doc. No. 56, Affidavit of Peter Jacobson ("Jacobson Aff.") ¶ 6.)

## II.   Defendant's Motion to Dismiss

Defendant argues that Plaintiff's claims should be dismissed under Federal Rules of Civil Procedure 12(b)(2) (lack of personal jurisdiction), 12(b)(4) (insufficient process), and 12(b)(5) (insufficient service of process) because the Summons names an improper defendant that cannot receive service of the summons. (Doc. No. 35, Def.'s Mem. of Law in Supp. of Mot. to Dismiss ("Def.'s Mem.") 2–4.) Defendant also argues that Plaintiff's claims should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) because they are state law, medical malpractice claims, not federal claims under 28 U.S.C. § 1331, and the Court cannot exercise diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* at 4–8.) Finally, Defendant argues that Plaintiff's claims should be dismissed for failure to state a claim under Rule 12(b)(6). (*Id.* at 8–9.)

### A.   Service of Process

Federal courts lack jurisdiction over an improperly served defendant. *See Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). In this case, however, Plaintiff has sued the correct Defendant using the wrong name, giving rise to a "misnomer" situation. As the Fourth Circuit explained:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else . . . .

3

> The [defendant] corporation had the right to be accurately named in the process and pleadings of the court; and misnomer was properly raised by motion to dismiss . . . . When the motion was made, however, plaintiff, upon his request, should have been permitted to amend. What was involved was, at most, a mere misnomer that injured no one, and there is no reason why it should not have been corrected by amendment.

*United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873–74 (4th Cir. 1947); *see also Roberts v. Michaels*, 219 F.3d 775, 777–78 (8th Cir. 2000) (adopting rationale of *A.H. Fischer*). "This misnomer principle is most obviously appropriate in cases," such as this one, "where the plaintiff has sued a corporation but misnamed it." *Roberts*, 219 F.3d at 778.

Because Defendant received notice of this action when Peter Jacobson was served on June 19, 2017, Defendant has not been prejudiced by the misnomer. As explained by Wright & Miller,

> [W]hen the plaintiff has made a simple mistake or a technical error that results in a failure to identify the defendant properly . . . and the proper defendant receives the original process, realizes it is directed at him, and thus is put on notice of the commencement of the action, there is no reason why a United States district court should refuse to permit the amendment of either the process or the return of service.

4B Fed. Prac. & Proc. Civ. 1131 (4th ed.). Therefore, Defendant's motion to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process should be denied, and the Second Amended Complaint (Doc. No. 24) and the summons (Doc. No. 28 at 15) should be amended to correct the misnomer. *See* Fed. R. Civ. P. 15(a)(2) (courts "should freely give leave [to amend] when justice so requires"); Fed. R.

4

Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.");[1] Fed. R. Civ. P. 4(a)(2) ("The court may permit a summons to be amended.")[2]

### B.   Subject-Matter Jurisdiction

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) can either be a "facial" challenge based on the face of the pleadings, or a "factual" challenge, which allows the court to consider matters outside the pleadings. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Defendant is challenging subject matter based only on the allegations in Plaintiff's complaint; therefore, the Court "restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). Thus, the Court must accept the factual allegations in the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, Plaintiff's *pro se* Complaint is entitled to liberal construction. *See Burke v. N. Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043–44 (8th Cir. 2002).

Defendant argues that Plaintiff's claims should be characterized as state-law negligence or medical malpractice claims and should be dismissed for lack of subject-

---

[1] The deadline for amending the pleadings in the Pretrial Scheduling Order was July 28, 2017, but this Court finds that there is good cause to extend the deadline to permit this amendment. (Doc. No. 44.)

[2] Amending the summons to correct a technical defect such as a misnomer "does not require that the party be served anew. The court may have personal jurisdiction over a defendant served with imperfect process." *Voorhees v. Cilcorp, Inc.*, 837 F. Supp. 395, 400 (M.D. Fla. 1993).

matter jurisdiction. Plaintiff's claim that Defendant discharged him prematurely, however, could be construed as stating a claim for deliberate indifference under the Eighth Amendment, over which this Court has jurisdiction. *See, e.g.*, *Estate of Prasad ex rel. Prasad v. Cnty. of Sutter*, 958 F. Supp. 2d 1101, 1126 (E.D. Cal. 2013) ("Plaintiffs have pled that Fraters acted with deliberate indifference to Prasad's serious medical needs when he discharged Prasad to Sutter County Jail despite knowing that safe discharge from the hospital depended on the capacity for emergency medical response that he knew did not exist at Sutter County Jail.").

Alternatively, Defendant argues that there is no state action for purposes of any potential claim under 42 U.S.C. § 1983 because Defendant is a private entity. (Def.'s Mem. 5–6.) To state a Section 1983 claim, Plaintiff must show that he has been "deprived of a constitutional right by a person acting under color of law. A private party is considered a state actor if the alleged deprivation was 'caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible.'" *Sabri v. Whittier Alliance*, 833 F.3d 995, 999-1000 (8th Cir. 2016) (quoting *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 942 (1982)). A private physician or hospital that contracts with a public prison system to provide treatment for inmates performs a public function and acts under color of law for purposes of § 1983. *George v. Sonoma Cnty. Sheriff's Dep't*, 732 F. Supp. 2d 922, 934 (N.D. Cal. 2010) (citing *West v. Atkins*, 487 U.S. 42, 54 (1988)). Plaintiff's Second Amended Complaint does not include any allegations regarding a contractual relationship between Defendant and Becker County, but such an arrangement can be inferred from the nature

of his allegations. Liberally construed, Plaintiff's *pro se* Complaint states an actionable claim for relief under Section 1983 against Defendant St. Mary's Regional Health Center.

### C. Failure to State a Claim

Finally, Defendant argues that Plaintiff "has failed to adequately state the elements of a medical malpractice claim, and how those elements have been met in this matter." (Def.'s Mem. 8.) As explained above, however, Plaintiff states an actionable claim for relief under Section 1983 against Defendant St. Mary's Regional Health Center.

### III. Plaintiff's Claims Against Randy Hodges

On July 11, 2017, the Court issued an order stating that

> the summons for Defendant Randy Hodges was returned unexecuted because he no longer works at the Becker County Jail. (Doc. No. 33.) The Clerk's Office is directed to mail a new USM-285 form to Plaintiff. Plaintiff is directed to submit a new completed USM-285 form for Defendant Hodges with the correct address for service. If this form is not submitted within **thirty (30) days** of the date of this Order, this Court will recommend dismissal of Plaintiff's claim without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

(Doc. No. 45.)

On or around August 17, 2017, the Clerk of Court received a completed USM-285 form from Plaintiff, but for a person named "Randy Hodgson," not Randy Hodges. The Clerk then mailed a new USM-285 form to Plaintiff to complete for Randy Hodges. The same thing happened on or around September 18, 2017: the Clerk received a USM-285 form from Plaintiff for "Randy Hodgson," and the Clerk responded by sending a new form with a

7

directive to complete the form for Randy Hodges. Now, for a third time, Plaintiff has submitted a USM-285 form for "Randy Hodgson," not Randy Hodges.

The Court does not know why Plaintiff keeps using the wrong name on the USM-285 form, especially because the first form (with the incorrect address, Doc. No. 33) used the correct name of Hodges. Regardless, Plaintiff has now failed on three occasions to comply with the Court's directive to file a new completed form for "Defendant *Hodges*." That is enough chances to justify dismissal of Plaintiff's claims against Defendant Hodges for want of prosecution. *See Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998) ("Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss a case for failure to . . . comply with court orders."); *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) ("An action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court.").

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant St. Mary's Regional Health Center's Motion to Dismiss **(Doc. No. 34)** be **DENIED**;

2. Plaintiff be ordered to file a Third Amended Complaint that substitutes St. Mary's Regional Health Center for Essentia Health-St. Mary's as the correct defendant in this action;

3. The Clerk of Court be directed to amend the summons (Doc. No. 28 at 15) to substitute St. Mary's Regional Health Center for Essentia Health-St. Mary's as the correct defendant in this action; and

4. Plaintiff's claims against Defendant Randy Hodges be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

Date: October 27, 2017.              *s/ Becky R. Thorson*_____
                                     BECKY R. THORSON
                                     United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).