UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Corey Bevins,

              Plaintiff,

v.

Becker County, Minnesota; Becker
County Jail; Becker County Sheriff's
Department; Unknown Becker County
Sheriff; Randy Hodges, Unknown Becker
County Sheriff; Essentia Health-
St. Mary's Hospital; Donald Nelson;
John W. Freeman; and Paula Peterson,

              Defendants.

Civil No. 16-4340 (DWF/BRT)

**ORDER ADOPTING REPORT
AND RECOMMENDATION
AS MODIFIED**

This matter is before the Court upon Defendant St. Mary's Regional Health Center's[1] objections (Doc. No. 74) and Plaintiff Corey Bevin's objections (Doc. No. 77) to Magistrate Judge Becky R. Thorson's November 13, 2017 Report and Recommendation (Doc. No. 71). In the Report and Recommendation, Magistrate Judge Thorson recommended denying St. Mary's motion to dismiss and dismissing the claims against Randy Hodges for failure to prosecute. St. Mary's objects to the Report and Recommendation insofar as it recommends denying the motion to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, insufficient process, and

---

[1] Plaintiff named St. Mary's as "Essentia Health-St. Mary's Hospital." Without conceding any procedural defenses, St. Mary's made its appearance as the proper defendant after Magistrate Judge Thorson ordered that the proper defendant appear. (Doc. Nos. 55, 57.)

insufficient service of process. Additionally, Bevins objects to the Report and Recommendation insofar as it recommends dismissing the claims against Hodges.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly set forth in the Report and Recommendation and is incorporated by reference here. The Court notes particular facts relevant to this Order below.

## I.     Subject-Matter Jurisdiction

On May 8, 2017, Bevins filed *pro se* his Second Amended Complaint (Doc. No. 24) relating to his incarceration at Becker County Jail, including two, seven-day admissions to St. Mary's. As relevant here, Bevins alleges that St. Mary's acted grossly negligent in its care and that that various state actors interfered with his treatment at St. Mary's. For example, Bevins alleges that his symptoms were exacerbated because jail staff denied Bevins access to necessary medicine.

In the Report and Recommendation, Magistrate Judge Thorson recommended denying St. Mary's motion to dismiss for lack of subject-matter jurisdiction. Magistrate Judge Thorson concluded that Bevins had adequately alleged a claim against St. Mary's for deliberate indifference in violation of the Eighth Amendment, which confers the Court with subject-matter jurisdiction under 28 U.S.C. § 1331. In concluding that St. Mary's was a state actor, the magistrate judge inferred a contract between Becker County and St. Mary's. On review, St. Mary's submitted a declaration that it has no

contract with Becker County. (Doc. No. 75). St. Mary's argues that, as a result, it is not a state actor and the Court therefore does not have subject-matter jurisdiction.

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). To survive a motion under Rule 12(b)(1), the party asserting jurisdiction has the burden of proof. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). "Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990).

A Rule 12(b)(1) motion may challenge a plaintiff's complaint either on its face or on the factual truthfulness of its averments. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). When a defendant brings a facial challenge—that is, even if the allegations were true, they lack an essential element for jurisdiction—a court reviews the pleadings alone and assumes the allegations are true. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *accord Osborn*, 918 F.2d at 729 n.6. In a factual challenge to jurisdiction, the court may consider matters outside the pleadings and weigh the accuracy of the allegations. *Titus*, 4 F.3d at 593; *accord Osborn*, 918 F.2d at 729 n.6.

Even if St. Mary's was not a state actor, the Court concludes that it still has supplemental jurisdiction over the claims. Under 28 U.S.C. § 1367(a), a federal court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Thus, a federal court may properly exercise supplemental jurisdiction over state-law claims that "derive from a common nucleus of

3

operative fact" as the federal claims. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997).

Here, Bevins's claims against St. Mary's arise from the same common nucleus of operative facts as the federal claims. Bevins claims that both St. Mary's and state actors acted with gross negligence while he was being treated at St. Mary's. Because these claims arise from the same nucleus of facts—his treatment at St. Mary's—the Court has supplemental jurisdiction. The Court therefore overrules St. Mary's objection based on subject-matter jurisdiction.

## II.     Service of Process

Magistrate Judge Thorson also recommended denying St. Mary's motion to dismiss for lack of personal jurisdiction, insufficient process, and for insufficient service of process for failure to properly name and serve St. Mary's. Bevins named "Essentia-St. Mary's Hospital" and served Peter Jacobson, President of St. Mary's and Senior Vice President of Innovis Health LLC, d/b/a Essentia Health West. (Doc. No. 56 ¶ 5.) Bevins was treated at St. Mary's, which employs the staff, but the physicians at St. Mary's were likely employed by Innovis. (*Id.*) In the Report and Recommendation, Magistrate Judge Thorson concluded that Bevins's mistake was a mere misnomer.

The Court agrees with the Magistrate Judge's analysis and adopts it here. St. Mary's essentially argues that both St. Mary's and Innovis could be liable for Bevins's claim and therefore service on "Essentia" was ineffective. Because Bevins is a pro se plaintiff, without the benefit of discovery, and received care at the hospital, the Court concludes that St. Mary's motion to dismiss should be denied. It may be the case

4

that Bevins should name both Innovis and St. Mary's as defendants, but the Court declines to resolve that issue at this juncture.

### III.     Failure to Prosecute

Magistrate Judge Thorson also recommended dismissing the claims against Randy Hodges because Bevins failed to comply with the Court's July 11, 2017 order to submit a USM-285 form for Hodges.  In response to the July 11, 2017 order, Bevins submitted the form three times for "Randy Hodgson" instead of Hodges.  Bevins never explained why he filled out the form for Hodgson.

In his objection, Bevins avers that Hodgson is the correct defendant.  The Court therefore will allow Bevins to file a two-page amendment to the Second Amended Complaint stating that "Randy Hodgson" is substituted for "Randy Hodges."  (*See, e.g.*, Doc. No. 68 (Amendment substituting St. Mary's).)  Additionally, Bevins must submit an updated USM-285 form for Randy Hodgson.  A failure to do so will result in dismissing the claims against Hodgson.

### ORDER

1.     Defendant St. Mary's Regional Health Center objections (Doc. No. [74]) to Magistrate Judge Becky R. Thorson's November 13, 2017 Report and Recommendation are **OVERRULED** as set forth above.

2.     Plaintiff's objections (Doc. No. [77]) to Magistrate Judge Becky R. Thorson's November 13, 2017 Report and Recommendation are **SUSTAINED IN PART** as set forth above.

3. Magistrate Judge Becky R. Thorson's November 13, 2017 Report and Recommendation (Doc. No. [71]) is **ADOPTED AS MODIFIED** above.

4. Bevins must file a two-page amendment stating that "Randy Hodgson" is substituted for "Randy Hodges" in the Second Amended Complaint (Doc. No. [24]). (*See, e.g.*, Doc. No. 68 (Amendment substituting St. Mary's).)

5. Bevins must submit a properly completed Marshal Service Form (Form USM-285) for Randy Hodgson. If Bevins does not complete and return the Marshal Service Forms within 30 days of this order, then this matter will be dismissed without prejudice for failure to prosecute. Marshal Service Forms will be provided to Bevins by the Court.

6. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from Randy Hodgson, consistent with Rule 4(d) of the Federal Rules of Civil Procedure. Becker County shall endeavor to assist the Clerk of Court in effectuating service of process on Mr. Hodgson, its former employee.

7. If Hodgson fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon Hodgson the expenses later incurred in effecting service of process. *See* Fed. R. Civ. P. 4(d)(2).

8. Defendant St. Mary's Regional Health Center's Motion to Dismiss (Doc. No. [34]) is **DENIED**.

Dated: January 23, 2018        s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge