**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Corey Bevins, | Civ. No. 16-4340 (DWF/BRT) |
| Plaintiff, | |
| v. | |
| Becker County, Minnesota, et al., | **ORDER** |
| Defendants. | |

Plaintiff Corey Bevins moves for the appointment of a medical expert under Rule 706 of the Federal Rules of Evidence. (Doc. No. 172.) Plaintiff states that he has "been unable to hire one due to lack of funds" and has "been unable to find any expert" to review his medical records. (*Id.*)

Plaintiff is not entitled to affirmative assistance from the Court in litigating his claims. *See Baker v. Immanuel Med. Ctr.*, No. 8:06CV655, 2007 WL 2914547, at *2 (D. Neb. Oct. 3, 2007) ("Granting leave to proceed in forma pauperis does not grant the right to affirmative assistance from the court in conducting discovery.") Further, Federal Rule of Evidence 706 provides for the appointment of a neutral expert and does not contemplate the appointment of and compensation for an expert to aid one of the parties. *See Griffin v. Hillsborough Cnty. Dep't of Corr.*, No. 13-cv-539-SM, 2015 WL 3970291, at *3 (D.N.H. June 30, 3015). As other courts have pointed out, Plaintiff's "dilemma" because of his inability to pay for expert witnesses does not differ from that of nonprisoner claimants. *See Kennedy v. Huibregtse*, Case No. 13-CV-4, 2015 WL

13187299, at *3 (E.D. Wis. June 29, 2015). This is not to say that a court should never exercise its discretion to appoint a neutral expert under Rule 706 in compelling circumstances. Such circumstances are not presented here. *See Smith v. Jenkins*, 919 F.2d 90, 94 (8th Cir. 1990). Therefore, this motion will be denied.

Plaintiff's Motion to Obtain Medical Expert (Doc. No. 172) is **DENIED**.

Date: August 2, 2018.

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge